## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JEANIFER ALLEN,

      Plaintiff,

v.                     Case No. <u>4:23-cv-00015</u>

TARANTINO PROPERTIES, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JEANIFER ALLEN, sues Defendant, TARANTINO PROPERTIES, INC., and alleges:

### JURISDICTION

1.    This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 because Plaintiff's claim arises under the civil rights laws of the United States.

2.    This Court has personal jurisdiction over the parties to this action because Plaintiff subjects herself to the jurisdiction of this Court and over Defendant, pursuant to 28 U.S.C. § 1391(d), because it is registered to do business in the State of Florida, has an office for the transaction of business within the judicial district of this Court, and would be subject to personal jurisdiction in this Court's judicial district if the Court's judicial district were a separate state; and because, in

accordance with 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3), the unlawful employment practices alleged in this civil action occurred within this Court's judicial district.

## VENUE

3.      Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district of this Court, and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.

## THE PARTIES

4.      Plaintiff, JEANIFER ALLEN, is a citizen of the United States, domiciled and residing in Tallahassee, Leon County, Florida.

5.      Defendant, TARANTINO PROPERTIES, INC., is a foreign profit corporation with its principal place of business located at 7887 San Felipe, Suite 237, Houston, TX 77063. It is registered to do business in the state of Florida, and its registered agent is Anthony Tarantino, 515 East Park Avenue, 2nd Floor, Tallahassee, Florida 32301.

## CONDITIONS PRECEDENT

6.      Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission, and received a

notice of right to sue letter concerning her charge, which is attached hereto as Exhibit A. This action is timely brought thereafter.

**STATEMENT OF THE ULTIMATE FACTS**

7.     Plaintiff began her employment with Defendant on or around May 21, 2021.

8.     Plaintiff maintained this employment until her employment with Defendant was unlawfully terminated on or around April 25, 2022.

9.     On March 31, 2022, and at a function for Defendant, Plaintiff's supervisor, Jon Marc, consumed alcohol to excess and required Plaintiff to ride with him in his car to his hotel, whereupon he insisted that she accompany him to his hotel room.

10.     Upon entering the supervisor's hotel room, the supervisor took off his clothes and walked around naked while insisting Plaintiff get in bed with him.

11.     Plaintiff was fearful and sent numerous text messages to the Defendant's Vice President of Operations, Zak Takacs, making clear that she was scared and needed help.

12.     These sexual advances were unwelcomed to Plaintiff.

13.     Plaintiff again reported this illegal behavior to Defendant via Mr. Takacs and Liz Marcias on April 1, 2022.

14.     Her employment was terminated by Defendant on April 25, 2022, despite having no previous disciplinary action.

15.     Defendant's reason for terminating Plaintiff's employment were words to the effect of "I simply am not getting a warm and fuzzy feeling that you are taking care of our customers."

16.     This stated reason is pretextual in nature and the real reason Plaintiff's employment was terminated is because she objected to unlawful sexual harassment.

17.     Plaintiff has retained the undersigned to represent her in this action and is obligated to pay him a fee for his services. Defendant should be made to pay that fee pursuant to the applicable statutes at issue herein.

## COUNT I
## SEXUAL HARASSMENT AND DISCRIMINATION

18.     Plaintiff incorporates by reference paragraphs 1-17.

19.     At all times material there was in full force and effect, Title VII, which, in material part, prohibits an employer from discriminating against an employee on the basis of sex.

20.     Sex discrimination includes harassment based on an employee's sex by the employer or supervisory personnel, and failing to take adequate remedial measures to protect employees from sexual harassment caused by fellow employees.

21.     Defendant violated Title VII by discriminating against Plaintiff based on her sex.  The discrimination took the form of sexual harassment from supervisory personnel, Jon Marc.

22.     Defendant is liable under Title VII for failing to take adequate remedial measures to protect Plaintiff from sex discrimination in the form of sexual harassment from Mr. Marc.

23.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## COUNT II
## GENDER-BASED DISCRIMINATION

24.     Plaintiff incorporates by reference paragraphs 1-17.

25.     This is an action against Defendant for discrimination based upon gender, brought under 42 U.S.C. §2000e, et seq.

26.     Plaintiff has been the victim of discrimination on the basis of her gender in that she was treated differently than similarly situated employees of Defendant who are male, and has been subject to hostility and poor treatment on the basis, at least in part, of her gender.

27.     Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting her, or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

28.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

29.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

30.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

31.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant.

32.     The events set forth herein led, at least in part, to the adverse actions against Plaintiff including, without limitation, to her termination as a further act of retaliation.

33.   Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e, et seq.

34.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

35.   Plaintiff incorporates by reference paragraphs 1-17.

36.   In addition to prohibiting discrimination on the basis of sex, Title VII also prohibits an employer from retaliating against an employee who brings a claim or complains about an act that would violate Title VII.  Because Plaintiff complained about sexual harassment, Plaintiff was protected from retaliation as a result.

37.   Defendant nevertheless retaliated against Plaintiff by failing to take adequate remedial measures to protect Plaintiff from further harm from sexual harassment.

38.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss

of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a) that this Court cause proper process to issue requiring the Defendant to answer Plaintiff's complaint;

b) that this Court empanel a jury to try all issues so triable;

c) that this Court enter judgment against Defendant declaring it to have violated Plaintiff's rights under Title VII;

d) that this Court enter judgment against Defendant for its violation of Title VII and award Plaintiff damages permitted as matter of law;

e) that this Court enjoin Defendant from further violations of Title VII against Plaintiff;

f) that this Court award Plaintiff reasonable attorneys' fees, costs, pre-judgment interest and such other relief to which she may be entitled; and

g) grant such other further relief as being just and proper under the circumstances.

Dated January 11, 2023.

Respectfully submitted,

By: /s/ *Ryan B. Hobbs*
Ryan B. Hobbs, Esq.
Fla. Bar No. 44179
**BROOKS, LEBOEUF, FOSTER,**
    **GWARTNEY & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
850-222-2000 / 850-222-9757 (fax)
rhobbs@tallahasseeattornyes.com
jeanetta@tallahasseeattorneys.com

*Attorneys for Plaintiff*